# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAVID R. GRAHAM,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:17-cv-718
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff David R. Graham brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). This matter is before the Court on plaintiff's statement of errors (Doc. 8), the Commissioner's response in opposition (Doc. 13), and plaintiff's reply memorandum (Doc. 14).

**I. Procedural Background**

Plaintiff filed his application for DIB in January 2014, alleging disability since March 16, 2012 due to gout, rheumatoid and osteo arthritis, degenerative disc disease of the lumbar spine, bilateral torn meniscus, degenerative joint disease, anxiety, and depression. (Tr. 274). The application was denied initially and upon reconsideration. Plaintiff, through counsel, requested and was afforded a video hearing before administrative law judge ("ALJ") David W. Thompson

on March 21, 2016.[1] Plaintiff and a vocational expert ("VE") appeared and testified at the ALJ hearing. On May 16, 2016, the ALJ issued a decision denying plaintiff's DIB application. Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

---

[1] Plaintiff previously filed an application for DIB in December 2009, alleging disability since January 25, 2008. The application was denied initially and upon reconsideration. On March 15, 2012, ALJ Curt Marceille denied plaintiff's DIB application. Plaintiff's request for review was denied by the Appeals Council. Therefore, under the doctrine of res judicata, ALJ Thompson declined to reopen the prior decision of ALJ Marceille and considered it final and binding in this case. (Tr. 22). ALJ Thompson determined that plaintiff's alleged onset date for the purposes of his decision was March 16, 2012, the day after ALJ Marceille's decision. (*Id.*). ALJ Thompson also determined that the evidence since March 2012 showed that plaintiff's impairments had changed over time, including severe impairments of gouty arthritis, degenerative disc disease of the lumbar spine, and status post-right knee arthroscopy. (Tr. 23). ALJ Thompson determined that through plaintiff's date last insured of March 21, 2013, "there is new and material evidence" to support a finding that plaintiff's mental impairments were non-severe. (*Id.*). ALJ Thompson modified the residual functional capacity ("RFC") from the prior ALJ decision to accommodate these findings.

2

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

1. The [plaintiff] last met the insured status requirements of the Social Security Act on March 31, 2013.

2. The [plaintiff] did not engage in substantial gainful activity during the period from his alleged onset date of March 16, 2012 through his date last insured of March 31, 2013 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the [plaintiff] had the following severe impairments: gouty arthritis, degenerative disk [sic] disease of the lumbar spine, and status post right knee arthroscopy (20 CFR 404.1520(c)).

4. Through the date last insured, the [plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of the

listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the [ALJ] finds that, through the date last insured, the [plaintiff] had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) where the [plaintiff] [sic] except that the [plaintiff] can occasionally lift/carry up to ten pounds, and can frequently lift/carry less than ten pounds. The [plaintiff] can stand and/or walk for two hours of an eight-hour workday. The [plaintiff] can sit for six hours of an eight-hour workday. The [plaintiff] can sit for six hours of an eight-hour workday. The [plaintiff] can occasionally climb ramps and stairs, but must avoid ladders, ropes, and scaffolds. The [plaintiff] can occasionally kneel, stoop, crouch, and crawl. The [plaintiff] can occasionally handle and finger bilaterally.

6. Through the date last insured, the [plaintiff] was unable to perform any past relevant work (20 CFR 404.1565).[2]

7. The [plaintiff] was born [in] . . . 1965 and was 47 years old, which is defined as a younger individual age 45-49, on the date last insured (20 CFR 404.1563).

8. The [plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the [plaintiff] is "not disabled," whether or not the [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date[ ] last insured, considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the [plaintiff] could have performed (20 CFR 404.1569 and 404.1569(a)).[3]

11. The [plaintiff] was not under a disability, as defined in the Social Security Act, at any time from March 16, 2012, the alleged onset date, through March 31, 2013, the date last insured (20 CFR 404.1520(g)).

(Tr. 25-35).

---

[2] The plaintiff has past relevant work as an assistant manager/mechanic at a truck stop and a mechanic at a military base. (Tr. 33).
[3] The ALJ relied on the VE's testimony to find that plaintiff would be able to perform the requirements of representative unskilled sedentary occupations such as call out operator (7,000 jobs nationally) and monitor (6,000 jobs nationally). (Tr. 34, 121).

4

## C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

## C. Specific Error

On appeal, plaintiff alleges a single assignment of error: that the ALJ failed to properly evaluate his mental health impairments. (Doc. 8).

### 1. The ALJ's evaluation of plaintiff's mental health impairments is not supported by substantial evidence.

#### a. The Parties' Arguments

Plaintiff argues that the ALJ erred in classifying his mental health impairments as non-severe. (Doc. 8 at 5). Plaintiff argues that the ALJ "erroneously relied on his own medical expertise in coming to his conclusions at step two of the sequential evaluation process." (*Id.*). Plaintiff argues that the ALJ erred by classifying his mental impairments as non-severe and then failing to consider these impairments at the other steps in his sequential analysis, including the RFC. (*Id.*) (citing *Jamison v. Comm'r of Soc. Sec.*, No. 1:07-cv-152, 2008 WL 2795740, at *9 (S.D. Ohio July 18, 2008)). Plaintiff further argues that in finding plaintiff's depression and anxiety to be non-severe, the ALJ improperly afforded little weight to the state agency psychologists. (*Id.* at 6). Plaintiff also argues that the ALJ improperly afforded "little weight" to the VA 50% disability rating for his major depressive order, which was based on a mental health evaluation contained in the record. (*Id.* at 7-8). Plaintiff contends that "[t]he mere dismissal of the decision simply because it was from another government agency violated Social Security's rules and regulations." (*Id.* at 8). Plaintiff maintains that "[t]he VA evaluation, the VA rating decision, and the rest of the relevant VA treatment records indicate that [he] suffers from a medically determinable mental health impairment that imposes more than a minimal limitation on his ability to perform basic work functions." (*Id.*). Plaintiff also contends that the ALJ should have ordered a consultative examination on his mental impairments. (*Id.* at 6).

In response, the Commissioner maintains that substantial evidence supports the ALJ's finding that plaintiff's depression and anxiety were not severe impairments. (Doc. 13 at 4). The

Commissioner states that plaintiff has provided little evidence to support his claim that he was disabled during the relevant period—between March 16, 2012, the alleged onset date, and March 31, 2013, the date last insured. (*Id.*). The Commissioner asserts that the record only contains a few treatment notes on plaintiff's self-reports of depression and hopelessness, as well as a prescription for an antidepressant in September 2012. (*Id.* at 5). In determining that plaintiff's depression and anxiety were not severe, the Commissioner maintains that the ALJ properly rated plaintiff's degree of limitation in the four functional areas under the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P, app.1. (*Id.*). The Commissioner alleges the ALJ properly evaluated the sparse mental health evidence and reasonably determined that plaintiff's anxiety and depression were not severe. (*Id.* at 6). The Commissioner argues that the ALJ's determination that plaintiff's mental health impairments were not severe is of no consequence because the ALJ found in plaintiff's favor at step two of the sequential evaluation process and found his physical impairments to be severe. (*Id.* at 7) (citing *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008); *Maziarz v. Sec'y of HHS*, 837 F.2d 240, 244 (6th Cir. 1987)). The Commissioner contends that the ALJ reasonably considered plaintiff's 50% disability rating and reviewed the VA medical records in accordance with Social Security Ruling 06-03p. (*Id.* at 9).

In reply, plaintiff argues that the ALJ failed to reasonably explain how he only suffered mild limitations in his ability to perform activities of daily living, engage in social functioning, and maintain concentration, persistence, and pace. (Doc. 14 at 2). Plaintiff maintains that the medical evidence, including treatment notes and the VA psychological examination diagnosing him with major depressive disorder and giving him a GAF score indicating moderate symptoms,

documents his ongoing mental health problems. (*Id.* at 3). Plaintiff contends that the ALJ gave a conclusory reason for discrediting the VA 50% disability rating. (*Id.* at 4).

### b. The ALJ's decision

At step two in the sequential analysis, the ALJ determined that plaintiff's "medically determinable mental impairment[s] of depression and anxiety did not cause more than minimal limitation in the [plaintiff]'s ability to perform basic mental work activities and was therefore nonsevere." (Tr. 26). The ALJ explained that plaintiff had no psychiatric hospitalizations or emergency room visits during the period at issue from March 16, 2012 through the date last insured of March 31, 2013, nor did plaintiff engage in mental health counseling. (*Id.*). During an October 2012 visit at the Huntington, West Virginia VA Medical Center, plaintiff reported thoughts of suicidal ideation. (Tr. 26) (citing Tr. 490). Plaintiff rated his physical pain to be a "five" on a scale of "one to ten" with ten being the worst pain. (*Id.*). Plaintiff reported that he was depressed and felt hopeless, but he had no plan or intent of suicide. (*Id.*). Plaintiff stated that he did not want any mental health services at that time. (*Id.*). The ALJ noted that plaintiff was placed on Citalopram in September 2012 to manage irritability and depression. (*Id.*).

The ALJ next considered the severity of plaintiff's mental health impairments in accordance with Listing 12.00C. 20 C.F.R., Part 404, Subpart P, Appx. 1. The ALJ determined that plaintiff had no more than a "mild" limitation in the functional areas of activities of daily living, social functioning, and concentration, persistence or pace. (Tr. 26). The ALJ also determined that plaintiff had experienced no episodes of decompensation which had been of extended duration. (*Id.*).

The ALJ mentioned plaintiff's mental impairments again in connection with his RFC assessment. (Tr. 32). The ALJ explained that plaintiff received a VA disability rating of 50%

8

for major depressive disorder effective April 2011. (*Id.*) (citing Tr. 1027). However, the ALJ afforded the VA rating "little evidentiary weight" as it was "issued by another Federal Agency" and "[t]he Social Security Administration is not bound by the disability ratings promulgated by another Federal agency." (*Id.*).

### c. Resolution

The regulations define a severe impairment or combination of impairments as one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Plaintiff is not required to establish total disability at this level of the sequential evaluation process. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. *Gist v. Sec'y of H.H.S.*, 736 F.2d 352, 357 (6th Cir. 1984). An impairment will be considered non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Sec'y of H.H.S.*, 773 F.2d 85, 90 (6th Cir. 1985) (citing *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). The severity requirement is a "*de minimis* hurdle" in the sequential evaluation process. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). A plaintiff bears the burden of demonstrating that he suffers from a medically determinable impairment. *Wilson*, 378 F.3d at 548.

ALJ Thompson's finding that plaintiff does not have a severe mental impairment is not supported by substantial evidence. In making his non-severity finding, ALJ Thompson confined his review to evidence of plaintiff's mental impairments that post-dated March 16, 2012, the day after the March 15, 2012 decision of the previous ALJ, who found plaintiff had severe mental impairments of major depression, pain disorder, and anxiety disorder. (Tr. 131). ALJ Thompson

9

failed to consider the evidence of plaintiff's mental impairment that pre-dated the alleged onset date of March 16, 2012, and specifically failed to consider the October 2011 psychological assessment from the VA (Tr. 599-604), which provided the basis for the VA's rating of 50% disability based on plaintiff's major depressive disorder. In the 2011 assessment, which occurred only five months before the March 2012 alleged onset date, Dr. Jeffrey Jenkins, a VA psychologist, opined that plaintiff can be "accurately diagnosed with Major Depressive Disorder as he is currently reporting a variety of depressive symptoms of moderate severity." (Tr. 605). Dr. Jenkins opined that plaintiff's depression appeared to be related to his "inability to work, per his perception, and his decrease in physical abilities as a result of his physical health problems." (*Id.*). Clinical findings included depressed mood, suspiciousness, chronic sleep impairment, mild memory loss, flattened affect, and disturbances of motivation and mood. (Tr. 604). Dr. Jenkins reported that plaintiff's major depressive disorder resulted in occupational and social impairment, including occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. (Tr. 601).

The ALJ should have considered this psychological assessment in determining whether plaintiff had a severe mental impairment for the relevant time period. The Social Security Regulations provide that, "[r]egardless of its source, we will evaluate *every* medical opinion we receive." 20 C.F.R. § 404.1527(c). The fact that the October 2011 psychological assessment pre-dated the alleged onset date by five months does not relieve the ALJ's obligation to afford it consideration.[4] As this Court has recently stated:

> The Sixth Circuit does "not endorse the position that all evidence or medical records predating the alleged date of the onset of disability . . . are necessarily irrelevant or automatically barred from consideration[.]" *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 414 (6th Cir. 2006). Instead, the Sixth Circuit "recognize[s] that

---

[4] The Court notes that the ALJ considered pre-onset date evidence relating to plaintiff's physical impairments (*see* Tr. 29-30), but failed to similarly consider pre-onset date evidence relating to plaintiff's mental impairments.

10

> evidence . . . predating the onset of disability, when evaluated *in combination with later evidence*, may help establish disability." *Id.* (emphasis in original).

*O'Malley v. Comm'r of Soc. Sec.*, 210 F. Supp.3d 909, 915 (S.D. Ohio 2016). It is illogical to assume plaintiff had a severe mental impairment on March 15, 2012, the date of the previous ALJ's decision, but no severe mental impairment the day after, on March 16, 2012, the new alleged onset date. This is especially so when the evidence during the relevant period indicated a continuation of plaintiff's depressive symptoms. In March 2012, plaintiff reported depression and hopelessness. (Tr. 549). In September 2012, plaintiff was prescribed Citalopram for irritability and depression. (Tr. 500). In early October 2012, plaintiff reported depression (Tr. 497); he was positive for anxiety (Tr. 493); and he reported sleep difficulty due to pain and anxiety (Tr. 496). Later that same month, plaintiff expressed suicidal ideation and was depressed and hopeless. (Tr. 490). In April 2013, one month after plaintiff's insured status lapsed, a PHQ-2 depression screening was administered by the VA and plaintiff scored a 4 "which is a positive screen for depression." (Tr. 486). The 2011 VA psychological assessment, combined with the mental health evidence discussed above, indicates that plaintiff's depression and anxiety continued throughout the relevant time period and was more than a "slight abnormality" which had such a minimal effect on plaintiff that it would not be expected to interfere with his ability to work. *Farris*, 773 F.2d at 90.

Moreover, the VA's disability rating of 50% based on plaintiff's major depressive disorder, which was effective April 2011, is further evidence that plaintiff suffers from a severe mental impairment. The ALJ failed to properly weigh the VA's disability rating in assessing whether plaintiff had a severe mental impairment. The Social Security Regulations provide that a determination made by another agency on an individual's disability is not binding: "[a] decision by any nongovernmental agency or any other governmental agency about whether you

are disabled or blind is based on its rules and is not [the ALJ's] decision about whether you are disabled or blind. [The ALJ] must make a disability or blindness determination based on social security law." 20 C.F.R. § 404.1504.[5] Nevertheless, as the ALJ must consider all the evidence in the record in making a disability determination, he must consider disability decisions made by other governmental agencies like the VA and explain the consideration given to such evidence. *See* Social Security Ruling 06-3p, 2006 WL 2329939 (evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered). Likewise, the Sixth Circuit has held that an ALJ must consider a disability decision of the Veterans Administration and articulate reasons for the amount of weight assigned to that decision. *Rothgeb v. Astrue*, 626 F. Supp.2d 797, 809 (S.D. Ohio 2009) (citing *Harris v. Heckler*, 756 F.2d 431, 434 (6th Cir. 1985)). *See also Orr v. Comm'r of Soc. Sec.*, No. 3:13-cv-346, 2014 WL 3666791, at *6 (S.D. Ohio July 22, 2014) (Black, J). Here, the ALJ dismissed the VA's 50% disability rating for major depressive disorder solely on the basis that it was issued by another federal agency and, therefore, the Social Security Administration was not bound by the rating. Yet, this "reason" holds true anytime a claimant receives a disability decision from another governmental agency and does nothing to explain the factual or evidentiary basis for the weight given to the VA's rating. The ALJ failed to adequately explain the evidentiary basis for discounting the VA's 50% disability rating, especially in light of his failure to address the

---

[5] Effective March 26, 2017, the regulations were amended and these sections now state:

> [W]e will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim. . . .

Because the ALJ made his decision in 2015 before the new regulations went into effect, the Court must apply the regulations that existed at the time of the decision. *See Cameron v. Colvin*, No. 1:15-cv-169, 2016 WL 4094884, at *2 (E.D. Tenn. Aug. 2, 2016).

October 2011 psychological evaluation upon which the rating was based, in determining whether plaintiff had a severe mental impairment. For these reasons, the ALJ's finding that plaintiff's mental impairments are not severe is not supported by substantial evidence.

Finally, the Commissioner cites *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987), for the proposition that an ALJ's failure to find a severe impairment does not constitute reversible error when the ALJ finds at least one other severe impairment and discusses all of an individual's impairments in the remaining steps of the sequential analysis. The Court finds *Maziarz* to be distinguishable. In this case, there is no evidence that the ALJ considered plaintiff's depression and anxiety or the mental health evidence in determining plaintiff's RFC at step four in the sequential evaluation process. Accordingly, plaintiff's assignment of error should be sustained.

### III. This matter should be reversed and remanded for further proceedings.

In determining whether this matter should be reversed outright for an award of benefits or remanded for further proceedings, the Court notes that all essential factual issues have not been resolved in this matter, nor does the current record adequately establish plaintiff's entitlement to benefits as of his alleged onset date. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). This matter should be remanded for further proceedings, including consideration and reevaluation of the 2011 VA psychological assessment and obtaining additional medical evidence and vocational testimony as warranted, consistent with this decision.

**IT IS THEREFORE RECOMMENDED THAT**:

The decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

Date: 12/27/18

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DAVID R. GRAHAM,<br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | Case No. 1:17-cv-718<br>Black, J.<br>Litkovitz, M.J. |

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).